Thomas W. Hardesty, Newport, for appellant.

W. R. Seidenfaden, George Kaufmann, Jr., Newport, for appellee.

**TERBOVICH v. SPACK (two cases).**

Court of Appeals of Kentucky.

June 19, 1953.

WADDILL, Commissioner.

Anna Terbovich, individually, and as administratrix of the estate of Rody Terbovich, appeals from judgments entered on a jury's verdict, dismissing her consolidated suits against Dave Spack for injuries to herself and damages for the wrongful death of her husband allegedly resulting from Dave Spack's negligent operation of his automobile.

The accident out of which this litigation arose occurred at about 7:00 p. m. on May 11, 1948, near the town of Seymour, Indiana. Appellee, Dave Spack was driving his car and Anna Terbovich and her now deceased husband were passengers therein. The parties were returning to Newport, Kentucky, after a trip to Kansas City, Missouri. As appellee attempted to round a curve in the highway, which was slick due to a drizzling rain, the car skidded to the left of the center of the highway and collided with an approaching truck. Appellant, Anna Terbovich, was injured and her husband died before he could be removed from the car.

The only ground urged by appellants for reversal, worthy of consideration, amounts to a contention that the instructions given the jury were erroneous under Indiana law.

The instructions particularly complained of were numbers 1 and 4. Number 1 required the jury to find for the appellants if they should find that appellee's wanton or wilful misconduct in the operation of his automobile was the cause of the injuries complained of. Instruction number 4 defined wanton misconduct as "the intentional or wanton disregard of the safety of others," and wilful misconduct as "the intentional doing of something that should not have been done, or the intentional failure to do something that should have been done, in the operation of the automobile, under circumstances tending to disclose the operator's knowledge that an injury to a guest will be the probable result of such conduct."

The Indiana "Guest Statute," Section 47-1021, Burns' Indiana Statutes 1952, reads:

"The owner, operator, or person responsible for the operation of a motor vehicle shall not be liable for loss or damage arising from injuries to or death of a guest, while being transported without payment therefor, in or upon such motor vehicle, resulting from the operation thereof, unless such injuries or death are caused by the wanton or wilful misconduct of such operator, owner, or person responsible for the operation of such motor vehicle."

It is readily apparent that instruction number 1 complies with the Indiana Guest Statute. As to the definition of wanton or wilful misconduct, the Indiana Court in Bedwell v. De Bolt, 221 Ind. 600, 50 N.E.2d 875, 877, defined wilful misconduct on the part of the driver of an automobile as:

"'* * * "the intentional doing of something which should not be done, or intentional failure to do something which should be done, * * * under circumstances tending to disclose the operator's knowledge, express or implied, that an injury to [his] guest will be a probable result of such conduct."
* * *'"

And in Hoesel v. Cain, 222 Ind. 330, 53 N.E. 2d 165, 168, 769, the court described wilful misconduct as a "conscious indifference to consequences".

A comparison of the language of the Indiana courts with definitions given in instruction number 4 reveals no material differences. Therefore, we find no error in the instructions.

Inasmuch as the evidence presented issues of fact which were for the jury to determine under proper instructions, and as we have found the instructions were correctly given, the judgments should be and are affirmed.